UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHERYL DIANNE BOUCHER, | ) |
| | ) CASE NO. C13-47-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER RE: SOCIAL SECURITY |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) DISABILITY APPEAL |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff Cheryl Dianne Boucher proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after two hearings before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1957.[2] She completed high school, and worked as an

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the Defendant in this suit.

[2] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -1

educational assistant until 1999. (AR 133-37.)

Plaintiff applied for DIB on May 31, 2006. (AR 96-98.) That application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR at 66-68, 70-72.)

On March 6, 2009, ALJ Verrell Dethloff held a hearing, taking testimony from Plaintiff and Plaintiff's husband. (AR 33-63.) On April 1, 2009, the ALJ issued a decision finding Plaintiff not disabled. (AR 23-32.) Plaintiff timely appealed, and U.S. District Court remanded the case with instructions to consider the post-hearing evidence related to Plaintiff's multiple chemical sensitivity. (AR 445-59.) The ALJ issued a new decision on March 11, 2011, again finding Plaintiff not disabled. (AR 364-77.) Plaintiff appealed the Commissioner's second decision to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since June 1, 1999, the alleged onset date. (AR 367.) At step two, it must be determined whether a claimant suffers from a severe

---

Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

impairment. The ALJ found that Plaintiff did not have a medically determinable impairment before her date last insured (DLI). (AR 367-76.) The ALJ found that Plaintiff was not disabled at step two, and thus did not continue through the rest of the sequential process. (AR 376-77.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred by failing to comply with the District Court's remand order in two ways: (1) by rejecting the records of David Buscher, M.D., that the Court instructed the ALJ to consider, and (2) failing to consider evidence provided by "other" sources and by Plaintiff and her husband in light of Dr. Buscher's evidence. The Commissioner argues that the ALJ's decision should be affirmed because it complies with the remand order and is supported by substantial evidence.

### Dr. Buscher's Evidence

The Report and Recommendation (R&R) previously adopted by the U.S. District Court indicated that Dr. Buscher was an "acceptable medical source," and that his records contained objective evidence substantiating Plaintiff's multiple chemical sensitivity (MCS)

diagnosis, but did not determine whether Dr. Buscher's post-DLI evidence (which had been submitted post-hearing) established that Plaintiff's MCS constituted a medically determinable impairment during the relevant period. (AR 455-57.) The R&R thus instructed the ALJ on remand to reconsider his step-two findings in light of Dr. Buscher's newly submitted evidence, and if he found that it established that Plaintiff's MCS was a medically determinable impairment during the relevant period, then evidence submitted by "other" sources and Plaintiff and her husband could be considered when assessing the severity of Plaintiff's impairments. (AR 454, 457-59.)

On remand, the ALJ did discuss Dr. Buscher's evidence and concluded that it did not establish that Plaintiff's MCS was medically determinable during the relevant period, because Dr. Buscher did not first evaluate Plaintiff until June 2009 — ten years after her alleged onset date, and more than four years after her DLI — and none of the objective medical evidence he cites bears any connection to the relevant time period, and he did not suggest that his tests were retrospective. (AR 372-75.) Because the ALJ found that Dr. Buscher's evidence did not establish the existence of a medically determinable impairment during the relevant time period, he stated that he need not reconsider the evidence provided by Plaintiff, her husband, and/or her "other" treating sources. (AR 375-76.)

Plaintiff contends that the ALJ erred in rejecting Dr. Buscher's evidence for lack of probative diagnostic techniques, citing the 2009 allergy tests he performed that "lend support to the diagnosis of [MCS]." (AR 557.) Dkt. 12 at 2-3. But, as the ALJ indicated, the 2009 allergy tests are in no way connected to the relevant time period; Dr. Buscher noted that her symptoms increased in 1999, but admitted that the date of MCS onset "isn't clear". (AR 557.)

The R&R did not instruct the ALJ to find that Dr. Buscher's evidence established the existence of MCS during the relevant time period; it only instructed the ALJ to consider Dr. Buscher's evidence to determine *whether* Plaintiff's MCS existed during the relevant time period, which is precisely what the ALJ did. (AR 457 ("On remand, the ALJ should consider the evidence from Dr. Buscher, along with any updated medical evidence Boucher may submit, in reconsidering whether the record establishes the existence of MCS as a medically determinable impairment prior to Boucher's date last insured.").)

Plaintiff has offered no plausible theory as to how Dr. Buscher's evidence is probative as to the relevant time period, other than to allege that the gaps in time noted by Dr. Buscher can be filled with evidence provided by non-acceptable medical sources (Dkt. 10 at 8) — but this argument was rejected in the R&R, which correctly noted that non-acceptable medical source evidence cannot establish the existence of a medically determinable impairment. (AR 454 ("The ALJ did not err in finding that [non-acceptable medical sources'] records could not support a finding that Boucher had a medically determinable impairment.").)  *See also Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (holding that a claimant "can only establish an impairment if the record includes signs — the results of 'medically acceptable clinical diagnostic techniques,' such as tests — as well as symptoms[.]"). Particularly in light of Plaintiff's testimony that she became more sensitive to chemicals *after* her DLI (AR 39-40), it was reasonable for the ALJ to find that the 2009 allergy tests were not probative for purposes of the 1999-2004 period. *See Smith v. Bowen*, 849 F.2d 1222, 1225-26 (9th Cir. 1988) (holding that post-DLI evidence can be relevant to evaluation of the pre-DLI condition).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -5

While the remote timing of Dr. Buscher's evidence would not alone suffice as a reason to discount its probative value, the fact that Dr. Buscher's evidence provides no suggestion of retrospective application — and, in fact, suggests the opposite, by noting that Plaintiff's onset date is unclear — supports the ALJ's finding that Plaintiff failed to establish the existence of MCS as a medically determinable impairment during the relevant period. *See, e.g.*, *Capobres v. Astrue*, 2011 WL 1114256, at *5 (D. Ida. Mar. 25, 2011) (explaining that while post-DLI medical evidence cannot be rejected solely as remote in time, it can be rejected on the grounds that the evidence itself is not retrospective). In the absence of finding the existence of a medically determinable impairment, the ALJ correctly interpreted the remand order to mean that reconsideration of "other" source evidence and lay evidence was not required. (AR 459 ("[I]f the ALJ finds that there is sufficient medical evidence to establish the existence of MCS as a medically determinable impairment prior to her [DLI], the ALJ should reevaluate Boucher's symptom testimony and her husband's description of how her symptoms affect her daily activities and ability to work in assessing the severity of the impairment.").) Accordingly, Plaintiff has failed to establish that the ALJ's second decision erroneously interpreted the remand order or erred in any other respect.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 18th day of July, 2013.

/S/ MARY ALICE THEILER
Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -6